Okay, our next case is United States v. Edwards. Mr. Nathan, whenever you're ready. Good morning, may it please the court, Elliot Lauthan on behalf of Kenin Edwards. This appeal is all about the right to counsel, a right that the Supreme Court has... Mr. Lauthan, this actually appeal is all about waiver. Okay. I have a question for you, a practical question. There's an odd thing that I find about this bill. I think if we reverse here, I think the government is going to say, your client is going to trial. Okay, they're going to say, this plea agreement is null and void because of paragraph 33, which is your argument, rescission. I think Mr. Simpson is going to get up here and say, if you reverse, this plea agreement is gone, this man is going to trial, this man's wife is probably going to trial, his son is probably going to trial. And I think he will probably unequivocally be acquitted or quick convicted based on his statements during the plea colloquy, his admission of guilt. He has entered into a plea agreement, a guilty plea agreement, and then denied the guilty plea, full out denied it. How could that possibly not be a violation of paragraph 33 of the agreement? And what I take in your brief is you saying, by the way, if court, if you're going to do that, tell us because then we'll probably withdraw our appeal. That's kind of the way I, which is weird to me. Of course, Judge, a lot of moving pieces in your question, so I'll try and get through each of them and by all means redirect me. So on the, I mean, there's no doubt that the appeal waiver looms heavy over this appeal. And the way to kind of offer a framework that I think helps situate the entire appeal, you have three claims, right? And then above each claim, layered above- Sets the appeal waiver, right? Exactly, exactly. And so there's a waiver and a merits component to each of the three claims and pass for relief. To your point about the waiver on the- Breach issue. Breach and on the forced pro se claim, I think are the two strongest positions we have on waiver. I mean, between the disqualification path and how waiver affects that- I think it's probably right. Is relatively money. And if hands on, cards on the table, I think the forced pro se claim and how waiver affects that is stronger than the disqualification claim. And so let me first answer why I don't think the waiver bars those two claims that I can- But that's in your brief. I got that.  That's in your brief. But I'm asking with respect to the breach claim that you make. You say the government is required, you read paragraph 16 to say that no matter what happens in this case, no matter what, the government is required to recommend a sentence of five months imprisonment and five months home confinement. Doesn't matter what the defendant does. Not quite. Not quite. I mean, if he breached, the remedy was to avoid the agreement and they chose- He did breach. Okay. He denied acceptance of responsibility. Right. And that's why in the reply brief, I'm not pushing back against that. That's my question. If we remand this and say, send it back for resentencing, I think Mr. Simpson is going to say, there will be no resentencing, Kirsch, none, zero. There will be a trial. What I would point to is the arguments I make in the conclusion of the reply brief and its principles of waiver and judicial estoppel should counsel against that. The government has now relied on the existence of the plea agreement and it's continuing validity both in the district court and now on appeal. And that they should be stopped from then- Wouldn't that be a sea change in our law if we say that if the government rests on waiver, the government says, you waived and we decide, no, there's actually an exception of the waiver. Then the government is only stuck with the terms of the plea agreement that you want to keep, but not the additional terms. In other words, the government, this case goes back to sentencing, the government is required to recommend a sentence of five months imprisonment, five months home confinement. Judge can do whatever it wants. The government's required to make that recommendation under the terms of the plea agreement. But paragraph 33 means nothing. The government could have avoided the agreement below and likewise, I think the government had a chance to avoid the agreement here on appeal. What's your best case or statute or constitutional principle for that argument? We look at U.S. v. Munoz, which the government cited. Munoz, in that case, the government decided not to stand on its appeal waiver. And this court specifically said, we would be faced with a totally different situation if the government had tried to partially rescind the agreement. And that's exactly what this case presents. No, not if it goes back. I'm saying if it goes back, why can't the government just say, we rescind the entire agreement? And by the way, the conundrum for you here is, I understand your client desperately does not want that to happen. I think understandably so. I agree. So I'm wondering why are we here, I guess is my question. Because he... There's a big risk you're taking. I mean, I don't mean you, I mean, there's a big risk your client is taking. Well, and that's why I made clear that he would rather lose than have his wife and son risk prosecution. Right, but we don't issue advice. We don't send a letter saying, Mr. Edwards, you're probably going to win on appeal and be remanded for resentencing. But if you are, the government's going to get to withdraw the plea. We don't do that. So this is a decision you need to tell us what your client is going to do. Is he going to proceed with the appeal or is he going to withdraw the appeal? Judge Kirsch, I again, stand on the government before this court is continuing to stand on the continuing validity of the plea. Before this court, but why when they go back to the district court, can't they say we lost in front of the court of appeals? We lost. So now this is our next action. They're taking, that would be taking contradictory positions, saying that all the time. What's wrong? I guess what's wrong with, I mean, what, what constitutional or statutory or case law provision says they, if this case goes back and we find that the waiver is invalid for one reason or another, that they can't say it's no problem. He violated, he unequivocally denied acceptance of responsibility. He breached the plea agreement. We now rescind the entire agreement. It's not that the waiver is invalid. The waiver is, remains valid, but this is an exception to the waiver being, to what their typical claims that are barred by waiver. And so again, to answer your question, US v. Munoz, also US v. Hallahan, where a party's later position was clearly inconsistent with its earlier position, and if the government now, later, after standing before the score, getting the benefit of the appeal waiver, and changing the claims that we raised on appeal, then gets to, excuse me? If they get the benefit of the appeal waiver, the case is over. They win. Well, I think, I think maybe where we're crossing paths is that the appeal waiver can remain valid and be in full force, but there are certain claims that an appeal waiver does not bar. For example, the Sixth Amendment claim, being forced to proceed to sentencing without counsel. And so the contract can be in full force, remain in full force, they are standing on that position, and rightfully so, but certain claims can proceed. So for example, you know, bedrock law is that an illegally imposed sentence can be reversed on appeal despite an appeal waiver. That doesn't mean that the appeal waiver is no longer in existence, or is no longer in operation, right? If the government or district court relies on race and violates the Fourteenth Amendment, the defendant can still raise that on appeal. So likewise here, the defendant was denied wholesale, in our view, his right to counsel at sentencing. It'd be like if, it's akin to if, you know, he has a lawyer who at sentencing gets into a car accident and can't make it, and the judge says, I don't care, we're proceeding anyway. The appeal waiver wouldn't bar that, that Sixth Amendment claim. But that's why I keep focusing on the breach, and you keep trending toward the Sixth Amendment claim. I understand the Sixth Amendment argument is different than the breach claim. But there's no question that your client breached the agreement. There's zero doubt. The district judge found that, and I think you'd admit that, he was denied acceptance of responsibility. He denied his guilt after he pled guilty. I'm not, Judge Kirchhoff, I'm not pushing back on the contention that he breached. I think we're in agreement on that front. Go ahead. To the extent that you're looking for my direct answer, my short answer for how do you, why can the government then not go back and vacate the agreement is, again, Munoz and Estavol, which is what Hallahan discusses. And maybe you disagree with that, but that's the best argument I have on the breach side. But that still leaves the Sixth Amendment claim as one that this court will have to  Well, okay, I understand that. But my point is, if it goes back and we send it back for any proceedings whatsoever, you've still got to deal with the breach. And now your best argument is the government should be stopped from taking a position the defendant breached the agreement because they relied upon the appeal waiver. That just seems to me to be two ships passing in the night. Can I just clarify that? It's not that stopped from contending that the defendant breached the agreement, but it'd be stopped from rescinding, avoiding the agreement due to that breach. If there was a new breach, if he then I mean, that just, stay with me here for a second. That just seems to me to put the government in an untenable position, because if a defendant breaches the agreement, what you're saying is the government has two options. And then there's an appeal, right? The government can stand on the waiver or the government can rescind the agreement, but it can't do both. In other words, if they stand on the waiver and they lose on waiver grounds, it goes back to the district court. Rescission is gone because of judicial estoppel. Yeah. But just based on that breach, if there was a subsequent breach, if the defendant did something else, if there was a cooperation provision and then he violated that cooperation I just don't see any support in the law for that position. I guess I'll go back and read Munoz and Hallahan, but I don't see any support in the law for the position that the government can't stand on its rights in the alternative. I don't think it seems strange from the defendant's vantage point that he should be able to appeal a claim of breach on the government. Let's assume the hypothetical that the defendant did not breach, because I think this is instructive. If the defendant is sentencing, it's a run-of-the-mill sentencing, and the government has an obligation to recommend a sentence. The defendant hasn't done anything wrong, and the government violates. The defendant then appeals that, despite an appeal waiver. The government contends, well, that's breaching the agreement, and if the defendant then wins and goes back to the district court, the government shouldn't then be able to void the agreement just because he appealed. Why? We're still under the same agreement. I mean, again, what principle ... I understand that maybe you're in the land of fairness, but what principle of law would say to the government they can't ... I mean, I understand the government breached. I understand the difference if the defendant did not breach, but here the defendant breached. In your example, I think what you're suggesting is the defendant didn't breach, only the government did. The defendant appeals ... We've got our waiver issues a mess here. I mean, you know that. Defendant appeals, and the defendant wins ... You're going to get rebuttal time. The defendant wins on appeal. The defendant has never breached. The defendant appealed. The defendant won on appeal. The defendant didn't breach the agreement. The government has taken the view at times that even appealing despite an appeal waiver is breach in and of itself. I think then we create rocky terrain that ... Yeah, but not if we entertain the appeal like we do in effective assistance of counsel because we find you can't waive an effective assistance of counsel. If you can't waive an argument the government breached the agreement, then the defendant doesn't breach the agreement by appealing. Here's the quote in Munoz that I think is instructive. The government appropriately exercises option to rescind the deal in that case. Though we, as in the Seventh Circuit, might have faced more difficult issues if the government had tried to enforce only a few select provisions of the plea agreement. The government has treated the entire plea agreement as void, including the provisions that would have benefited, such as Munoz's waiver of his appeal rights. What page? That is 730 to 731, 718, F3rd, 726. I don't think there's anything ... I don't see anything ... I mean, I guess ... I don't see how that quote directly applies here because that would be a situation where the government would be rescinding the entire agreement and putting your client on trial. Let me ask one question on the waiver for Sixth Amendment purposes.